Patrick C. Riley
Matt J. Kelly
TARLOW STONECIPHER
WEAMER & KELLY, PLLC
1705 West College St.
Bozeman, MT 59715-4913
Telephone:  (406) 586-9714
Facsimile:  (406) 586-9720
priley@lawmt.com
mkelly@lawmt.com

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BUTTE DIVISION

| | |
|---|---|
| SHOSHONE CONDOMINIUM HOTEL OWNERS ASSOCIATION, INC., | Cause No. CV-24-85-BU-TJC |
| Plaintiff, | |
| v. | **COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF** |
| BOYNE USA, INC., BIG SKY RESORT, LLC, BOYNE PROPERTIES, INC. and John Does 1-5, | |
| Defendants. | |

COMES NOW, Plaintiff Shoshone Condominium Hotel Owners Association

("Plaintiff"), through counsel, and hereby alleges as follows:

//

*Shoshone Condominium Hotel Owners Association, Inc. v. Boyne USA, Inc., et al.*
Complaint for Declaratory Judgment and Injunctive Relief
Page 1 of 7

## PARTIES

1.      Plaintiff is a Montana non-profit corporation with members registered to conduct business in the State of Montana through its Secretary of State on November 13, 2002. Plaintiff's mailing address of its principal office is P.O. Box 160248, Big Sky, Montana.

2.      Defendant Boyne USA, Inc. ("Boyne") is a Michigan for-profit corporation registered to conduct business in the State of Montana through its Secretary of State on June 14, 1948. Upon information and belief, Boyne's principal office is located in Petoskey, Michigan.

3.      Defendant Big Sky Resort, LLC ("BSR") is a Michigan limited liability company registered to conduct business in the State of Montana through its Secretary of State on December 28, 2000. BSR's mailing address of its principal office is PO Box 160001, Big Sky, Montana.

4.      Defendant Boyne Properties, Inc. ("BP") is a Michigan limited liability company registered to conduct business in the State of Montana through its Secretary of State on December 9, 1996.  Upon information and belief, BP's principal office is located in Petoskey, Michigan.

5.      Upon information and belief, Boyne, BP, and BSR may have assigned property interests relating to a below-described Right of First Refusal to other

*Shoshone Condominium Hotel Owners Association, Inc. v. Boyne USA, Inc., et al.*
Complaint for Declaratory Judgment and Injunctive Relief
Page 2 of 7

presently unknown John Does 1-5, the identity of whom may be uncovered during discovery.

6.    Boyne, BP, BSR, and John Does 1-5 are referred to collectively throughout this Complaint as Defendants.

## JURISDICTION AND VENUE

7.    Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint.

8.    Under 28 U.S.C. § 1332, jurisdiction is proper because this matter in controversy exceeds $75,000 and there is diversity of citizenship between parties.

9.    Pursuant to Local Rule 3.2, venue is proper in this district. The property at issue in this case is located in Madison County, Montana, which sits within the Butte Division.

10.    There is an actual justiciable controversy between the parties concerning their rights and obligations under the Declaration, described below.

## ALLEGATIONS COMMON TO ALL COUNTS

11.    Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint.

12.    Plaintiff is the association of unit owners for the property at issue in this matter, legally described as:

*Shoshone Condominium Hotel Owners Association, Inc. v. Boyne USA, Inc., et al.*
Complaint for Declaratory Judgment and Injunctive Relief
Page 3 of 7

MOUNTAIN VILLAGE SUB PH 1, S30, T06 S, R03 E, Lot 16, ACRES 1.685, PLAT 4/334

(the "Property")

13.    The Condo Declaration, which formed the Shoshone Condominiums, contains language purporting to create a Right of First Refusal, which gives Boyne the option to purchase any condominium unit within the Property that goes onto the market on the terms that a third-party offers to the unit seller.

14.    After years of not exercising this option, Defendants have recently exercised the Right of First Refusal and rapidly gained a larger percentage of ownership in the Property.

15.    Plaintiff has been unable to purchase any units for use in their management of the Property. As a result, Plaintiff has been forced to acquire offsite space for their management activities.

16.    The value of the Property has decreased due to Defendants' use of the Right of First Refusal, in part because buyers' agents no longer show units within the Property to prospective buyers.

**COUNT I – REQUEST FOR DECLARATORY JUDGMENT**

17.    Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint.

*Shoshone Condominium Hotel Owners Association, Inc. v. Boyne USA, Inc., et al.*
Complaint for Declaratory Judgment and Injunctive Relief
Page 4 of 7

18.    Defendants have exercised the Right of Refusal to benefit Defendants to the exclusion of Plaintiffs and the individual owners of units within the Property.

19.    Mont. Code Ann. § 70-17-203 states, in part: that "every covenant contained in a grant of an estate in real property that is made for the direct benefit of the property or some part of the property then in existence runs with the land."

20.    Restrictive Covenants are only enforceable against subsequent purchasers if the covenant has a benefit for some part of the Property.

21.    In this case, the Right of First Refusal only benefits Defendants as a personal benefit, not as a benefit of the Property.

22.    The Right of First Refusal is only enforceable by Boyne against unit sellers who originally purchased their units from Boyne.

23.    The Right of First Refusal violates Montana's statutory rule against perpetuities and is invalid.

24.    The Right of First Refusal is an unreasonable restraint and is void under Montana law.

25.    The intent of Condo Declaration, as ascertained from the contents of the Declaration itself, was to have certain rights transferred from the Developer to Plaintiff, and the continued exercise of the purported Right of First Refusal is violative of that intent.

*Shoshone Condominium Hotel Owners Association, Inc. v. Boyne USA, Inc., et al.*
Complaint for Declaratory Judgment and Injunctive Relief
Page 5 of 7

26.    In the alternative, the Condo Declaration is drafted ambiguously in defining what rights under the Declaration should have been and were transferred to Plaintiff.

27.    Plaintiff is entitled to a declaration by this Court establishing the parties' rights pursuant to Montana's Uniform Declaratory Judgment Act, Title 27, Chapter 8, MCA, adjudging and affirming that the Right of First Refusal is invalid, void, and unenforceable.

28.    Plaintiff is entitled to its attorneys' fees and costs in bringing this action.

## COUNT II – APPLICATION FOR PRELIMINARY INJUNCTION AND PERMANENT INJUNCTION

29.    Plaintiff incorporates all prior allegations.

30.    Plaintiff is entitled to injunctive relief to protect its property interests in the Property and is likely to succeed on the merits.

31.    Plaintiff is likely to suffer irreparable harm in the absence of injunctive relief.

32.    Plaintiff respectfully requests the Court enter a preliminary and permanent injunction against the Defendants.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff requests that this Court enter judgment in its favor and against the Defendants as follows:

*Shoshone Condominium Hotel Owners Association, Inc. v. Boyne USA, Inc., et al.*
Complaint for Declaratory Judgment and Injunctive Relief
Page 6 of 7

1.      All declaratory relief allowed pursuant to Montana's Uniform Declaratory Judgment Acts pursuant to the matters raised in Count I of the Complaint, including, but not limited to a declaration that the Right of First Refusal is invalid, void, and unenforceable;

2.      A Preliminary and Permanent Injunction against Defendants relating to the Right of First Refusal;

3.      That the Court award attorneys' fees and costs to Plaintiff; and

4.      For any such other and further relief as this Court may deem just and proper.

DATED this 20th day of August, 2024.

TARLOW STONECIPHER
WEAMER & KELLY, PLLC

Patrick C. Riley
1705 West College Street
Bozeman, MT 59715
(406) 586-9714
priley@lawmt.com
*Attorney for Plaintiff*

*Shoshone Condominium Hotel Owners Association, Inc. v. Boyne USA, Inc., et al.*
Complaint for Declaratory Judgment and Injunctive Relief
Page 7 of 7