Patrick C. Riley
Matt J. Kelly
TARLOW STONECIPHER
WEAMER & KELLY, PLLC
1705 West College St.
Bozeman, MT 59715-4913
Telephone: (406) 586-9714
Facsimile: (406) 586-9720
priley@lawmt.com
mkelly@lawmt.com

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

| | |
|---|---|
| SHOSHONE CONDOMINIUM HOTEL OWNERS ASSOCIATION, INC., <br><br> Plaintiff, <br><br> v. <br><br> BOYNE USA, INC., BIG SKY RESORT, LLC, BOYNE PROPERTIES, INC. and John Does 1-5, <br><br> Defendants. | Cause No. 24-85-BU-TJC <br><br> **AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF** |

COMES NOW, Plaintiff Shoshone Condominium Hotel Owners Association ("Plaintiff"), through counsel, and hereby files this Amended Complaint for

*Shoshone Condominium Hotel Owners Association, Inc. v. Boyne USA, Inc., et al.*
Amended Complaint for Declaratory Judgment and Injunctive Relief
Page 1 of 7

Declaratory Judgment and Injunctive Relief pursuant to this Court's March 17, 2025 Order (Doc. 18), and alleges as follows:

## PARTIES

1. Plaintiff is a Montana non-profit corporation with members registered to conduct business in the State of Montana through its Secretary of State on November 13, 2002. Plaintiff's mailing address of its principal office is P.O. Box 160248, Big Sky, Montana.

2. Defendant Boyne USA, Inc. ("Boyne") is a foreign profit corporation incorporated in Michigan, with its principal place of business in Petoskey, Michigan.

3. Defendant Big Sky Resort, LLC ("BSR") is a limited liability company formed in Michigan, and, upon information and belief, a wholly owned LLC subsidiary of Boyne USA, Inc., a Michigan Corporation. Further, upon information and belief, BSR's sole member is Big Sky Resort Holding Company, LLC, a Michigan Limited Liability Company, whose sole member is Boyne USA, Inc., which is a citizen of Michigan, thereby maintaining diversity of citizenship.

4. Defendant Boyne Properties, Inc. ("BP") is a foreign profit corporation incorporated in Michigan, with its principal place of business in Walloon Lake, Michigan, and, upon information and belief, a wholly owned subsidiary of Boyne USA, Inc.

*Shoshone Condominium Hotel Owners Association, Inc. v. Boyne USA, Inc., et al.*
Amended Complaint for Declaratory Judgment and Injunctive Relief
Page 2 of 7

5. Upon information and belief, Boyne, BP, and BSR may have assigned property interests relating to a below-described Right of First Refusal to other presently unknown John Does 1-5, the identity of whom may be uncovered during discovery.

6. Boyne, BP, BSR, and John Does 1-5 are referred to collectively throughout this Complaint as Defendants.

## JURISDICTION AND VENUE

7. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint.

8. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as the matter in controversy exceeds $75,000, exclusive of interest and costs, and there is diversity of citizenship between parties. Plaintiff is a citizen of Montana, and Plaintiffs allege that Defendants are citizens of Michigan.

9. This Court has personal jurisdiction over Defendants because Defendants transact sufficient business in this district to subject it to the jurisdiction of this Court.

10. Pursuant to Local Rule 3.2 and 28 U.S.C. § 1391(b)(2), venue is proper in this district, as the property that is the subject of the action is located in Madison County, Montana, which sits within the Butte Division.

*Shoshone Condominium Hotel Owners Association, Inc. v. Boyne USA, Inc., et al.*
Amended Complaint for Declaratory Judgment and Injunctive Relief
Page 3 of 7

11. There is an actual justiciable controversy between the parties concerning their rights and obligations under the Declaration, described below.

## ALLEGATIONS COMMON TO ALL COUNTS

12. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint.

13. Plaintiff is the association of unit owners for the property at issue in this matter, legally described as:

> MOUNTAIN VILLAGE SUB PH 1, S30, T06 S, R03 E, Lot 16, ACRES 1.685, PLAT 4/334
>
> (the "Property")

14. The Condo Declaration, which formed the Shoshone Condominiums, contains language purporting to create a Right of First Refusal, which gives Boyne the option to purchase any condominium unit within the Property that goes onto the market on the terms that a third-party offers to the unit seller.

15. After years of not exercising this option, Defendants have recently exercised the Right of First Refusal and rapidly gained a larger percentage of ownership in the Property.

16. Plaintiff has been unable to purchase any units for use in their management of the Property. As a result, Plaintiff has been forced to acquire offsite space for their management activities.

*Shoshone Condominium Hotel Owners Association, Inc. v. Boyne USA, Inc., et al.*
Amended Complaint for Declaratory Judgment and Injunctive Relief
Page 4 of 7

17. The value of the Property has decreased due to Defendants' use of the Right of First Refusal, in part because buyers' agents no longer show units within the Property to prospective buyers.

## COUNT I – REQUEST FOR DECLARATORY JUDGMENT

18. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint.

19. Defendants have exercised the Right of Refusal to benefit Defendants to the exclusion of Plaintiffs and the individual owners of units within the Property.

20. Mont. Code Ann. § 70-17-203 states, in part: that "every covenant contained in a grant of an estate in real property that is made for the direct benefit of the property or some part of the property then in existence runs with the land."

21. Restrictive Covenants are only enforceable against subsequent purchasers if the covenant has a benefit for some part of the Property.

22. In this case, the Right of First Refusal only benefits Defendants as a personal benefit, not as a benefit of the Property.

23. The Right of First Refusal is only enforceable by Boyne against unit sellers who originally purchased their units from Boyne.

24. The intent of Condo Declaration, as ascertained from the contents of the Declaration itself, was to have certain rights transferred from the Developer to

*Shoshone Condominium Hotel Owners Association, Inc. v. Boyne USA, Inc., et al.*
Amended Complaint for Declaratory Judgment and Injunctive Relief
Page 5 of 7

Plaintiff, and the continued exercise of the purported Right of First Refusal is violative of that intent.

25. In the alternative, the Condo Declaration is drafted ambiguously in defining what rights under the Declaration should have been and were transferred to Plaintiff.

26. Plaintiff is entitled to a declaration by this Court establishing the parties' rights pursuant to Montana's Uniform Declaratory Judgment Act, Title 27, Chapter 8, MCA, adjudging and affirming that the Right of First Refusal is invalid, void, and unenforceable.

27. Plaintiff is entitled to its attorneys' fees and costs in bringing this action.

## COUNT II – APPLICATION FOR PRELIMINARY INJUNCTION AND PERMANENT INJUNCTION

28. Plaintiff incorporates all prior allegations.

29. Plaintiff is entitled to injunctive relief to protect its property interests in the Property and is likely to succeed on the merits.

30. Plaintiff is likely to suffer irreparable harm in the absence of injunctive relief.

31. Plaintiff respectfully requests the Court enter a preliminary and permanent injunction against the Defendants.

*Shoshone Condominium Hotel Owners Association, Inc. v. Boyne USA, Inc., et al.*
Amended Complaint for Declaratory Judgment and Injunctive Relief
Page 6 of 7

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court enter judgment in its favor and against the Defendants as follows:

1. All declaratory relief allowed pursuant to Montana's Uniform Declaratory Judgment Acts pursuant to the matters raised in Count I of the Complaint, including, but not limited to a declaration that the Right of First Refusal is invalid, void, and unenforceable;

2. A Preliminary and Permanent Injunction against Defendants relating to the Right of First Refusal;

3. That the Court award attorneys' fees and costs to Plaintiff; and

4. For any such other and further relief as this Court may deem just and proper.

DATED this 1st day of April, 2025.

TARLOW STONECIPHER
WEAMER & KELLY, PLLC

/s/ Patrick C. Riley
Patrick C. Riley
1705 West College Street
Bozeman, MT 59715
(406) 586-9714
priley@lawmt.com
*Attorney for Plaintiff*

*Shoshone Condominium Hotel Owners Association, Inc. v. Boyne USA, Inc., et al.*
Amended Complaint for Declaratory Judgment and Injunctive Relief
Page 7 of 7