IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| SHOSHONE CONDOMINIUM HOTEL OWNERS ASSOCIATION, INC., | CV 24-85-BU-TJC |
| Plaintiff and Counter Defendant, | **ORDER** |
| vs. | |
| BOYNE USA, INC.; BIG SKY RESORT, LLC; BOYNE PROPERTIES, INC.; and JOHN DOES 1–5, | |
| Defendants and Counter Claimants. | |

Plaintiff Shoshone Condominium Hotel Owners Association, Inc. ("SCHOA") brings this action against Defendants Boyne USA, Inc., Big Sky Resort, LLC, and Boyne Properties, Inc., (collectively "Defendants"), seeking declaratory and injunctive relief.  (Doc. 35.)

Pending before the Court are Defendants' Motion to Dismiss Second Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (Doc. 42); Defendants' Unopposed Motion to Convert Motion to Dismiss to Motion for Judgment on Pleadings pursuant to Federal Rule of Civil Procedure 12(c) (Doc. 50); and Plaintiff's Motion to Dismiss Without Prejudice pursuant to

1

Federal Rule of Civil Procedure 41(a)(2) (Doc. 53).  The motions are fully briefed and ripe for the Court's review.  (*See* Docs. 43, 54, 60, 61, 64.)

For the following reasons, IT IS ORDERED that SCHOA's motion (Doc. 53) is GRANTED and Defendants' motions (Docs. 42 and 50) are DENIED as moot.

## I.    BACKGROUND

SCHOA first filed this action on August 20, 2024, (Doc. 1), and Defendants moved to dismiss SCHOA's complaint one month later (Doc. 4).  The Court found that SCHOA failed to sufficiently plead federal diversity jurisdiction and granted SCHOA leave to file an amended complaint.  (Doc. 18.)

SCHOA filed its amended complaint on April 4, 2025, (Doc. 19), and Defendants again filed a motion to dismiss for lack of subject matter jurisdiction and failure to state a claim (Doc. 22).  The Court again determined that SCHOA's complaint was deficient—this time for lack of standing—and again allowed SCHOA leave to amend.  (Doc. 34.)  The Court also denied as moot SCHOA's motion for partial summary judgment (Doc. 29), to which Defendants had yet to respond.  (Doc. 34.)

On September 3, 2025, SCHOA filed its Second Amended Complaint ("SAC").  (Doc. 35.)  In response, Defendants filed the Motion to Dismiss now before the Court, alleging that SCHOA's SAC still fails to both establish standing

and state a claim upon which relief can be granted.  (Doc. 42.)

On November 17, 2025, Defendants filed their answer to SCHOA's SAC, and included a counterclaim for tortious interference with contract.  (Doc. 49.) Defendants also filed an unopposed motion to convert their motion to dismiss to a motion for judgment on the pleadings.  (Doc. 50.)

That same day, SCHOA filed a complaint in the Montana Fifth Judicial District Court, Madison County, alleging substantially the same claims against Defendants as in this action, as well as new additional claims.  (Doc. 53-1.) SCHOA's state court complaint also included new plaintiffs—David Burd and Shoshone Wolfe, LLC—as well as new defendants—Troy and Margaret Stiles.

On November 20, 2025, SCHOA filed its Motion to Dismiss Without Prejudice, stating that it seeks dismissal of this action in favor of litigating in state court because the newly-added parties would defeat federal diversity jurisdiction. (Doc. 53.)  In response, Defendants request that if the Court grants SCHOA's motion for voluntary dismissal, it should do so on the condition that SCHOA pay Defendants' reasonable fees and costs incurred in defending this action.  (Doc. 61 at 6.)

## II.    DISCUSSION

Rule 41(a)(2) permits a plaintiff, with the court's approval, to dismiss an action without prejudice.  The rule provides:

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a)(2).

Whether to grant a motion for voluntary dismissal is left to the district court's discretion. *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982). "The purpose of the rule is to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced, or unfairly affected by dismissal." *Stevedoring Servs. of Am. v. Armilla Int'l, B.V.*, 889 F.2d 919, 921 (9th Cir. 1989) (internal citation omitted). Thus, courts generally allow dismissal unless the defendant would suffer some plain legal prejudice. *Hamilton*, 679 F.2d at 145.

Courts undertake three separate determinations when considering a motion under Rule 41(a)(2): "(1) whether to allow the dismissal; (2) whether the dismissal should be with or without prejudice; and (3) what terms and conditions, if any, should be imposed." *Williams v. Peralta Cmty. Coll. Dist.*, 227 F.R.D. 538, 539 (N.D. Cal. 2005).

/ / /

/ / /

4

### A.   Whether To Grant SCHOA's Motion for Dismissal

Courts should grant a plaintiff's motion for voluntary dismissal under Rule 41(a)(2) unless the defendant can demonstrate that it "will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001).  Legal prejudice is "prejudice to some legal interest, some legal claim, some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996).

Circumstances that generally do not constitute plain legal prejudice include uncertainty because a dispute remains unresolved and there is a threat of future litigation, inconvenience from having to defend in another forum, or the plaintiff gaining a tactical advantage.  *Smith*, 263 F.3d at 976.  Furthermore, "the expense incurred in defending against a lawsuit does not amount to legal prejudice." *Westlands Water Dist.*, 100 F.3d at 97.

Here, although Defendants nominally oppose SCHOA's motion, they do not assert that any legal prejudice would result from the dismissal.  (*See* Doc. 61 at 17 ("Boyne, meanwhile, will suffer substantial practical prejudice, if not necessarily 'legal' prejudice, as a result of SCHOA's tactics.").)  Instead, Defendants request they be awarded attorney's fees and costs if the Court grants a voluntary dismissal without prejudice.  (*Id.* at 6.)  Accordingly, as Defendants do not dispute that SCHOA's claims should be dismissed, but merely dispute whether dismissal should be with or without prejudice and whether conditions should be imposed upon

dismissal, the Court will grant SCHOA's request to dismiss its claims against Defendants.

### B.    Whether Dismissal Should Be Without Prejudice

SCHOA requests dismissal without prejudice.  (Doc. 53 at 1.)  In their response to SCHOA's motion, Defendants indicate they do not oppose dismissal without prejudice so long as it is conditioned on certain terms, discussed below. (Doc. 61 at 6.)

Whether to allow dismissal without prejudice is a determination within the discretion of the court, and is often permitted when the dispute remains unresolved and when the plaintiff requests dismissal before the defendant files motions for summary judgment.  *Westlands Water Dist.*, 100 F.3d at 97.  On the other hand, the court may order dismissal with prejudice "where it would be inequitable or prejudicial to the defendant to allow the plaintiff to refile the action."  *Williams*, 227 F.R.D. at 539–40 (citation omitted).

Courts consider three factors when deciding whether to grant voluntary dismissal with or without prejudice: "(1) the defendant's effort and expense in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, and (3) insufficient explanation of the need to take a dismissal."  *Id.* at 540 (citation omitted); *see also Kenner v. Bitterroot Timber Frames, LLC,* 2022 WL 1265839, at *4 (D. Mont. Apr. 28, 2022).  Here,

the relevant factors all weigh in favor of granting SCHOA's motion without prejudice.

First, Defendants have not demonstrated substantial effort and expense in preparing for trial. Although Defendants argue that they have "incurred significant expenses," (Doc. 61 at 24), this case has not proceeded past the pleadings stage. The Court has yet to schedule a preliminary pretrial conference and the parties have not yet begun to engage in discovery. Although this case has been pending for more than a year and a half and Defendants have filed three motions to dismiss, nothing has transpired that would suggest Defendants have spent substantial effort and expense preparing for trial. A defendant cannot argue "high litigation costs [when] discovery ha[s] not begun, it ha[s] not commenced trial preparations, and no motions challenging the merits of th[e] case ha[ve] come before the court." *Smith*, 263 F.3d at 976. While Defendants' motions to dismiss have addressed the merits of SCHOA's claims, they have done so in the context of challenging the sufficiency of SCHOA's pleadings. The Court's dismissal of SCHOA's original and amended complaints was based on jurisdictional and standing grounds, rather than the substantive merits of SCHOA's claims. Thus, this factor weighs in favor of SCHOA.

Second, the Court does not find that SCHOA has lacked diligence in prosecuting this action or otherwise caused excessive delays. SCHOA has timely

filed amended complaints both times the Court ruled its pleadings were deficient.

Additionally, both SCHOA and Defendants have sought and received multiple

extensions of time from this Court.  (S*ee* Docs. 9, 12, 44, 45, 47, 48, 51, 52, 62, 63

(five extensions of time for SCHOA); *see also* Docs. 15, 16, 20, 21, 25, 26, 32, 33,

36, 37, 38, 39, 40, 41, 55, 56, 58, 59 (nine extensions of time for Defendants).)

Thus, while this action has been pending for some time and has a lengthy docket,

this is not indicative of excessive delay on SCHOA's part.  Accordingly, this factor

also weighs in favor of SCHOA.

Third, SCHOA's reasons for dismissing its claims are sufficient.  SCHOA

seeks dismissal without prejudice because it has filed a substantially similar state

court action which also includes new claims, as well as new parties that would

defeat federal diversity jurisdiction.  While Defendants classify these new parties'

claims as "dubious" (Doc. 61 at 14 n.2) and SCHOA's motion to dismiss as an

attempt at forum-shopping (*id.* at 6), the Court is not in a position to evaluate the

merits of SCHOA and its co-plaintiffs' state court claims, nor to speculate as to

SCHOA's motives for including new plaintiffs and defendants in its state court

action.  Thus, considering SCHOA's reasonable explanation for voluntary

dismissal and the other factors discussed above, the Court agrees the dismissal of

this matter should be without prejudice.

/ / /

**C.   Whether To Impose Terms and Conditions of Dismissal Without Prejudice**

Finally, the Court must consider the "terms and conditions, if any, for dismissal." *Williams,* 227 F.R.D. at 540.  If the plaintiff's motion to dismiss is granted, the dismissal will be "on terms that the court considers proper."  Fed. R. Civ. P. 41(a)(2).  Relevant here, the Court must determine whether attorney's fees and costs should be awarded on a dismissal without prejudice.  *See id.*; *Williams,* 227 F.R.D. at 540.

SCHOA requests that dismissal not be conditioned upon payment of costs and attorney's fees.  (Doc. 64 at 5.)  Defendants argue that dismissal should be conditioned on awarding attorney's fees and costs incurred in this action to the extent that "fees and expenses it has incurred in this litigation . . . will not be useful in the state court litigation."  (Doc. 61 at 28.)

Courts generally consider the following factors in determining whether to award costs to a defendant after a voluntary dismissal without prejudice: "(1) any excessive and duplicative expense of a second litigation; (2) the effort and expense incurred by a defendant in preparing for trial; (3) the extent to which the litigation has progressed; and (4) the plaintiff's diligence in moving to dismiss."  *Santa Rosa Mem'l Hosp. v. Kent*, 688 F. App'x 492, 494 (9th Cir. 2017) (quoting *Williams*, 227 F.R.D. at 540); *see also Kenner*, 2022 WL 1265839, at *5.  Here, the Court finds these factors weigh against imposing attorney's fees and costs as a condition of

9

voluntary dismissal.

First, any duplicative expense of a second litigation will be minimal. This litigation has not progressed beyond the pleading stage, and per Defendants' own admissions, much of the briefing involved in their motions to dismiss relates to federal standing requirements that will not be at issue in the state case. (Doc. 61 at 20.)

Next, given that this litigation is still in its earliest stages, a preliminary pretrial conference has not been set, and there is no indication that discovery has taken place, Defendants have not made a showing that they have been preparing for trial.

Finally, SCHOA acted with reasonable diligence in moving for this dismissal because it did so shortly after the controversy involving the new parties arose. (*See* Doc. 53-3 at 26 (affidavit of David Burd explaining that he was scheduled to complete a transaction to buy a condo on November 17, 2025—the same day SCHOA filed its state court complaint and three days before SCHOA filed its motion to dismiss without prejudice in this action).) Therefore, these factors all weigh in favor of declining to impose attorney's fees and costs.

The Ninth Circuit has suggested that the merits of the plaintiff's claim or his chance of success may be considered in determining this question as well, particularly when the above factors weigh in favor of the defendant. *See Santa*

10

*Rosa Mem'l Hosp.*, 688 F. App'x at 494.  *See also Williams*, 227 F.R.D. at 540. Here, although Defendants have argued the merits of SCHOA's claims in their motions to dismiss, the Court cannot say at this preliminary stage that it considers SCHOA's chance of success to be so low that consideration of this factor would outweigh the other factors, which all weigh in favor of SCHOA.

For these reasons, Defendants have not demonstrated that SCHOA should be required to pay its attorney's fees and costs as a condition of dismissal without prejudice.  Accordingly, the Court will not impose any conditions to dismiss this case without prejudice.

### D.    Effect on Defendants' Counterclaim

Although SCHOA seeks dismissal of this action, it cannot voluntarily dismiss opposing parties' counterclaims against it.  Defendants have sufficiently pled jurisdictional facts in their counterclaim such that this claim can proceed before this Court independently, notwithstanding the dismissal of SCHOA's claims. (Doc. 49 at 7.)  Accordingly, granting SCHOA's motion does not dispose of this action completely; while SCHOA's claims against Defendants are dismissed, Defendants' counterclaim against SCHOA for tortious interference with contract remains pending.

/ / /

/ / /

11

## III.    CONCLUSION

Accordingly, IT IS ORDERED that SCHOA's Motion for Voluntary Dismissal (Doc. 53) is GRANTED and Defendants' motions (Docs. 42 and 50) are DENIED as moot.

DATED this 20th day of May, 2026.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge